IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| JACQUELINE LOEW,<br><br>Plaintiff,<br><br>vs.<br><br>SAYDEL COMMUNITY SCHOOL DISTRICT and KEVIN SCHULTE,<br><br>Defendants. | 4:22-cv-00250-SHL-SBJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

## I.  INTRODUCTION

Plaintiff sued Defendants in Iowa state court for employment discrimination. Defendants removed the case to this Court through a controversial process known as "snap removal," in which removal occurs before service of process in circumstances where removal would not be permitted after service. Plaintiff moves to remand, arguing the "snap removal" was improper. However, Plaintiff did not move to remand within 30 days of removal. The Court therefore must DENY her Motion to Remand.

## II.  BACKGROUND

Plaintiff Jacqueline Loew sued Defendants on June 14, 2022, in the Iowa District Court for Polk County. (ECF 1-4.) Her petition alleges that Defendants discriminated and retaliated against her on the basis of sex and/or gender in violation of the Iowa Civil Rights Act. (Id., ¶¶ 70, 76.) Ms. Loew is now a resident of San Luis Obispo County, California. (ECF 6, ¶ 2.) Defendant Saydel Community School District is an educational institution located in Polk County, Iowa, and Defendant Kevin Schulte is a resident of Polk County, Iowa. (Id., ¶ 3, 4.) It is undisputed that the parties are completely diverse and the amount in controversy exceeds $75,000, thus fulfilling 28 U.S.C. § 1332(a)'s requirements for removal based on diversity jurisdiction. (ECF 6-1, p. 3.) Defendants filed a Notice of Removal on that basis on August 3, 2022. (ECF 1, ¶ 3.)

Ordinarily, a defendant cannot remove a case to federal court if it is brought by an out-of-state plaintiff against an in-state defendant. *See* 28 U.S.C. § 1441(b)(2). This is known as the "forum-defendant rule." However, at the time of removal here, Defendants had not yet been served. (ECF 1, ¶ 11.) This is important because the forum-defendant rule states that "[a] civil action

otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined **and served** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). By removing before Plaintiff effectuated service, Defendants employed a litigation tactic often referred to as "snap removal" to circumvent the forum-defendant rule.

In her Motion to Remand, Plaintiff directs the Court to e-mails demonstrating her efforts to effectuate service prior to removal. (ECF 6-1, pp. 4–5; ECF 6-2.) As Plaintiff explains, during the Iowa Civil Rights Commission ("ICRC") administrative process, Defendants were represented by counsel at Ahlers & Cooney, P.C. (ECF 6-1, p. 4.) On July 5, 2022, Plaintiff's counsel reached out to Defendants' counsel via email, attaching a copy of Plaintiff's petition, to ask whether counsel would accept service on behalf of Defendants. (ECF 6-2, pp. 1–2.) Defendants' counsel did not respond. (Id., p. 1.) Plaintiff's counsel followed up on July 22, 2022, saying: "Just circling around. If I don't hear from you by next week, we'll proceed with regular service." (Id.) Defendants' counsel responded four days later, on July 26, 2022, saying that "[i]t sounds like" a different law firm, Nyemaster Goode, P.C., would take over the case for Defendants. (Id.) Counsel further stated: "I do not have a contact yet for which attorney will be assigned to the matter but I suspect you will hear from them soon." (Id.)

Plaintiff did not hear from anyone at Nyemaster until the Notice of Removal was filed on August 3, 2022. (ECF 6-1, p. 4.) Plaintiff filed her Motion to Remand more than 30 days later, on September 20, 2022. (ECF 6.) In her Motion, Plaintiff characterizes Defendants' conduct as "gamesmanship" and "forum shopping" that, if permitted, would create an "absurd result" under the Federal Rules of Civil Procedure. (Id., pp. 4–5.) Defendants, in turn, argue that "snap removal" is proper under a literal reading of 28 U.S.C. § 1441(b)(2). (ECF 9.) The parties also raise arguments regarding waiver, the timeliness of Plaintiff's Motion to Remand, and whether equitable principles permit the Court to address the Motion to Remand on the merits despite the untimeliness. (ECF 6-1; ECF 9; ECF 12.)

### III.   ANALYSIS

"[F]ederal courts are courts of limited, not general, jurisdiction." *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). Congress is authorized to determine the scope of this jurisdiction within constitutional limits. *See Hertz Corp. v. Friend*, 559 U.S. 77, 84 (2010). Congress did so when it created diversity jurisdiction to "provide a federal forum for important disputes where state

courts might favor, or be perceived as favoring, home-state litigants." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553–54 (2005). Congress exercised its authority again when it limited removal in diversity cases where the defendant is sued in its home state, the rationale being that the primary goal of diversity jurisdiction—ensuring out-of-state defendants receive a "fair shake"—is not served in such circumstances. *See Spreitzer Properties, LLC v. Travelers Corp*, No. 21-CV-106-CJW-MAR, 2022 WL 1137091, at *4 (N.D. Iowa Apr. 18, 2022).

By removing before service occurred, Defendants engaged in a process known as "snap removal," which is designed to take advantage of language in 28 U.S.C. § 1441(b)(2) stating that in-state defendants may not remove if they have been "joined **and served**…" (emphasis added). Here, there was joinder but not service, and thus Defendants argue removal is permitted under the plain language of the statute. Snap removal is a controversial tactic because it is difficult to imagine that Congress intended to give outcome-determinative significance to whether removal occurred before or after service. *See Spreitzer Properties, LLC*, 2022 WL 1137091, at *4–6 (summarizing evolution of snap removal). Critics say the strategy "smacks of forum shopping" and "gamesmanship." *See id.* Advocates of snap removal, by contrast, argue that words are words and the statute must be interpreted as Congress wrote it.

The Court will save this debate for another day. Whatever the merits of snap removal, it is not the controlling issue in this case because Plaintiff waited too long to file her Motion to Remand. Under 28 U.S.C. § 1447(c), the motion had to be filed "within 30 days after the filing of the notice of removal." *See also Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020). Plaintiff waited 48 days. The Court therefore lacks authority to order remand, regardless of whether removal was proper in the first instance. *See Air–Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989).

In reaching this conclusion, it is important to recognize that the forum-defendant rule is a "nonjurisdictional defect in removal that is waived if not raised in '[a] motion to remand . . . made within 30 days after the filing of the notice of removal.'" *Holbein*, 983 F.3d at 1053 (quoting 28 U.S.C. § 1447(c)). The outcome would be different if, for example, a defendant tried to remove a case in which diversity of citizenship did not exist. This would be a jurisdictional defect that could not be waived. *See id.* at 1054 (discussing the difference between jurisdictional and non-jurisdictional statutes).

Plaintiff asks the Court to use its "discretion to provide equitable relief and extend the [30-day] deadline." (ECF 12, pp. 5–6.) She identifies no precedent directly supporting this request, instead merely citing cases recognizing the value of having issues decided on the merits rather than technicalities, particularly if there is no prejudice to the opposing party. The Court is similarly unable to find precedent authorizing the use of equitable principles to extend 1447(c)'s 30-day requirement. To the contrary, reported cases generally treat the 30-day deadline as mandatory absent "exceptional circumstances, such as failure to file due to a mechanical quirk of the electronic case filing system." *Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 364 (S.D.N.Y. 2020) (quoting *Scantek Med., Inc. v. Sabella*, No. 08-CV-453 (CM), 2008 WL 2518619, at * 3 (S.D.N.Y. June 24, 2008)) (denying motion to remand that was filed one day late); *see also Matter of Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994); *Boyle v. City of Liberty*, No. 92-0807-CV-W-6, 1993 WL 20177, at *2 (W.D. Mo. Jan. 29, 1993) ("[T]he 30 day limitation period contained in § 1447(c) is mandatory."); 14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3739.2 (Rev. 4th ed. 2020) (gathering cases treating the 30-day deadline as mandatory). The Eighth Circuit appears to hold the same view. *See Holbein*, 983 F.3d at 1053 (nonjurisdictional objections to removal are "waived" unless brought within 30 days).

To the extent Plaintiff is requesting the Court use its inherent powers to remand the case anyway, it cannot do so. The Court has the inherent power to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). But that power "cannot be contrary to any express grant of, or limitation on, the district court's power contained in a rule or statute." *Id*. Using it to grant an untimely motion to remand would be contrary to the plain language of § 1447(c). *See, e.g.*, *Kum & Go, L.C. v. Veeder-Root Co.*, No. 4:13-CV-00446-JEG, 2014 WL 11514687, at *3 (S.D. Iowa Feb. 24, 2014) ("A procedural defect claim must be timely raised to fit into the remand requirements of § 1447(c).").

**IV.   CONCLUSION**

Plaintiff's Motion to Remand is DENIED as untimely.

IT IS SO ORDERED.

Dated: November 16, 2022

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE